BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-00412-FCD |
| Plaintiff, | |
| v. | APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| CHARLES MILLER HILKEY, JR., RACHELLE SARI GARNITZ, and BRAM GABRIEL LEWIS, | |
| Defendants. | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about September 9, 2009, during the execution of a federal search warrant agents seized the following:

    a.  Approximately $143,535.00[1] in U.S. Currency located at 16212 Badger Hill Road, Nevada City, California.

Hereinafter, the above-referenced asset is referred to as the

---

[1] The Indictment lists the amount as $143,000 but the correct amount is $143,535.00.

"seized asset".

In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement Administration ("DEA") is currently sending notice to all potential claimants of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding, and is causing notice to be published in a newspaper of general circulation.

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized asset in a criminal indictment. On September 24, 2009, the government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized asset. That Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However,

that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized asset pursuant to a federal search warrant, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the United States Marshals Service, may continue to maintain custody of the seized asset until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 11/17/09         BENJAMIN B. WAGNER
                        United States Attorney


                         /s/ Michael M. Beckwith
                        MICHAEL M. BECKWITH
                        Assistant U.S. Attorney

///

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

    a. Approximately $143,535.00 in U.S. Currency located at 16212 Badger Hill Road, Nevada City, California.

IT IS SO ORDERED.

DATED: November 23, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE