BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Ste. 10-100
Sacramento, California 95814
Telephone: (916) 554-2797

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:09-CR-00412-KJM |
| ) | |
| Plaintiff, ) | PRELIMINARY ORDER OF |
| ) | FORFEITURE |
| v. ) | |
| ) | |
| CHARLES MILLER HILKEY, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

   Based upon the plea agreement entered into between plaintiff United States of America and defendant Charles Miller Hilkey, Jr., it is hereby ORDERED, ADJUDGED AND DECREED as follows:

   1.  Pursuant to 21 U.S.C. § 853(a) and 31 U.S.C. § 5317(c)(1), defendant Charles Miller Hilkey, Jr.'s interest in the following properties shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a)  Real property located at 18810 Mandala Star Road, Nevada City, California, Nevada County, APN: 62-050-22;

   b)  Real property located at 20012 Sky Ridge Place, Nevada City, California, Nevada County, APN: 62-300-04;

   c)  Real property located at 17171 Patterson Mine

|   |   |   |
|---|---|---|
| | | Road, Nevada City, California, Nevada County, APN: 61-070-26; |
| | d) | Real property located at 15457 Tyler Foote Crossing Road, Nevada City, California, Nevada County, APN: 61-140-61; |
| | e) | Real property located at 15595 Tyler Foote Crossing Road, Nevada City, California, Nevada County APN: 61-140-54; |
| | f) | Approximately $90,830 in U.S. Currency seized at 16212 Badger Hill Road, Nevada City, California; |
| | g) | Real property located on Holcomb Springs Road, Gold Hill, Oregon, Jackson County, Map No. 353W25, Tax Lot 700; |
| | h) | Real property located on Pelton Lane, Gold Hill, Oregon, Jackson County, Map No. 353W24, Tax Lot 600; and |
| | i) | Real property south of Tyler Foote Road, Nevada City, California, Nevada County, APN: 61-140-64. |

2. The above-listed properties constitute properties used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 846 and 841(a)(1), or are properties which constitute or are derived from proceeds obtained, directly or indirectly, as a result of the said violations, and/or are properties involved in a violation of 31 U.S.C. § 5324(a)(3), or properties traceable thereto. The real properties listed above as (g)-(i) constitute substitute assets as defined in 21 U.S.C. § 853(p)(2), and are subject to forfeiture pursuant to 21 U.S.C. § 853(p)(1).

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed properties. The aforementioned properties shall be seized and held by the U.S. Marshals Service and/or the Internal Revenue Service - Criminal Investigation, in their secure custody and

1 control.

2     4.  a.  Pursuant to 21 U.S.C. § 853(n) and 31 U.S.C. § 5317(c)(1)(B), and Local Rule 171, the United States shall publish notice of the order of forfeiture.  Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

    b.  This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed properties, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

    5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a) and 31 U.S.C. § 5317(c)(1), in which all interests will be addressed.

    SO ORDERED this 23rd day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE